McPHERSON *v*. MATTHEWS *et al.*\*

(Division B.   May 24, 1926.)

[108 So. 494.   No. 25716.]

1. GARNISHMENT.  *Nonresident creditor may attach in another state debt due and payable by nonresident to person within state, where garnishment is authorized on .attachment proceeding in such foreign state, where debtor resides therein, and is served with process under its laws.*

   A nonresident creditor may attach a debt due by a nonresident of this state to a person in this state in another state, although the debt is payable in Mississippi, where garnishment is authorized upon attachment proceedings in such foreign state, and the debtor resides in such state and is served with process under the laws of such state.

2. INTERPLEADER.  *Where nonresident debtor, whose debt is payable in Mississippi, was garnished in state of his residence subsequent to valid assignment under laws of Mississippi, debtor may file bill of interpleader in state of his residence, making parties claiming interest in debt parties thereto.*

Where an attachment is sued out in another state, and the debtor served with garnishment in such state, who resides there, and the debt is payable in this state, and has been assigned validly under the laws of this state prior to the serving of the garnishment proceedings on the debtor, and where the debtor is in doubt as to whom he shall pay the debt to in such case, he may file a bill of interpleader in equity in such state making the parties claiming an interest in said debt, or right thereto, parties to the interpleader, so that one payment will discharge his obligation involved in such litigation.

3. Execution. *Where debt due parties in Mississippi was garnished in foreign state, and contract was to be performed in Mississippi, and was governed by its laws, suit by assignee of debt against debtor living in foreign state, but having business localized in Mississippi, may be prosecuted to judgment, but it is proper to stay execution until terminution of litigation in foreign state.*

Where an attachment was sued out in Tennessee, and a debt due parties in this state by residents in Tennessee is garnished in Tennessee, and where the contract was to be performed in Mississippi, and was governed by the laws thereof, as between the original debtor and an assignee of such debt, a suit by the assignee of such debt against the debtors who live in another state, but have a business localized in this state, may be prosecuted to judgment, but in such case it is proper to stay execution in this state until the termination of litigation in Tennessee.

*Corpus Juris-Cyc. References: Garnishment, 28CJ, p. 201, n. 25; p. 523, n. 81; Interpleader, 33CJ, p. 427, n. 24.

Appeal from chancery court of Quitman county.

Hon. C. L. Lomax, Chancellor.

Attachment in chancery by Mrs. Lula McPherson against W. H. Matthews and another, doing business under the firm name of the M. & M. Plantation. Decree was rendered for complainant, but execution was stayed until final determination of litigation in another state, and complainant appeals. Affirmed.

*Lowrey & Lamb,* for appellant.

It should hardly require citation of authorities in substantiation of our contention that this contract between

McPherson and Matthews & Mallory was a chattel, but see 5 A. & E. Encyc. of Law (2 Ed.), 1022, to the effect that the term chattel includes all kinds of property except real property, the note stating that it is more extensive than either "goods" or "effects" and that it includes choses in action.

*Gregory* v. *Stagg,* 60 Miss. 549, seems to be the first case decided in this state under these statutes. In that case a garnishment was issued on a judgment against the husband to a party indebted for furniture evidenced by note due to the wife.

The only authority that we find in Mississippi, or elsewhere, for a court to hold up the enforcement of its judgments or decrees on account of a litigation pending in another state involving the *res* in litigation is that execution should be suspended for a reasonable time, and where the record shows, as in this case, that reasonable time had long since passed we submit that a Mississippi litigant should not be delayed in the enforcement of her rights to await the pleasure of a Tennessee court even if she is a proper party to the Tennessee litigation.

But in the instant case we submit that on this record there should have been no suspension of the execution of the decree, even though the record exhibited from the Tennessee court did not show such utter want of diligence, if not a complete abandonment.

It must be remembered that this is not a litigation between the defendant in the garnishment proceeding and the plaintiff there, and that the appellant here is no party to that garnishment proceeding, and there is no pretense that she has ever in any way been brought into that case by publication or otherwise.

We think the decisions in this state and authorities elsewhere as to the duty of a court to hold up a judgment where there is a garnishment in a sister state apply only where the judgment here is in favor of the defendant in the garnishment proceeding.

The next question on the record from the chancery court of Shelby county is the validity and effect of the suit, improperly called a bill of interpleader in the chancery court of Shelby county, in which the appellant is named as a party defendant.

The Tennessee statutes, so far as we have been able to ascertain, provide that the garnishee may pay the money into court and escape further liability, but make no reference to interpleading. This, of course, would only apply as between the garnishee and his creditor and could not affect the rights of the third party.

Our view is that this alleged bill of interpleader as shown by the record of the case exhibited in this record, is a wholly unauthorized and void proceeding so far as the appellant here is concerned.

A bill of interpleader, or in the nature of an interpleader, is confined to cases where the complainant has any interest in the litigation in the court for the defendants to contest for. See *Newsum* v. *Interstate Realty Co.* (Tenn.), 278 S. W. 56; 15 R. C. L., p. 226, sec. 8; 11 Enc. Pl. & Pr., p. 455; *McAlister* v. *Sanders* (Miss.), 65 So. 249; *Deltains* v. *Bank* (Miss.), 89 So. 817; *Conn. Ins. Co.* v. *Tucker* (R. I.), 91 A. S. R. 590, with elaborate note on p. 603 as to necessity for definiteness as to amount of claim; *City of Montpelier* v. *Capital Savings Bank,* 98 A. S. R. 834 (Vt.).

We submit that the appellant should not be held out of the use and employment of the money adjudged in the case at bar to be justly due her until she consents to submit herself to the jurisdiction of the Tennessee court and there join in a litigation which the record here exhibited shows is an utterly unwarranted proceeding.

The Federal Constitution gives equal credit to judgments of other states but it does not require courts to take notice of pending litigations in other states which are improperly brought and are not warranted by the law of the state in which they are pending.

It is true in Tennessee a garnishment holds the debt against an assignee of the debt where the debtor has no notice of the assignment at the time of the service of the garnishment. The reason for this, as often stated by the courts of Tennessee, is that the assignment is not complete until notice is given to the debtor.

Even if the Tennessee court had jurisdiction of both the assignee and the assignor of the debt, the attaching creditor could not avail of that rule in the case at bar for several reasons.

First, the assignment here was between residents of Mississippi of a debt due in Mississippi for services rendered in Mississippi, and the assignment was duly made and duly recorded in Mississippi. The validity and effect of the assignment are, therefore, governed by the laws of Mississippi. 5 R. C. L., p. 931, sec. 25; Ford v. *Ins. Co.* (Ky.), 99 A. D., 663 and note at 672; *Briggs* v. *Latham* (Kans.), 13 Pac. 393; *Unt* v. *Standart* (Ind.), 77 A. D. 79 and note on p. 87 as to place of indorsements; *Cannady* v. *R. R. Co.* (N. C.), 118 A. S. R. 821; *Cleveland* v. *Lang* (N. H.), 68 A. S. R., 675; *Polson* v. *Stewart* (Mass.), 57 A. S. R. 452; *Milliken* v. *Pratt* (Mass.), 28 Am. Rep. 241; *Fenton* v. *Edwards* (Cal.), 77 A. S. R. 141.

Second, the debtor in this case did have notice of the assignment by its being placed of record, and the evidence shows also that when the contract was entered into, it was understood that this contract was to be assigned and J. J. McPherson demanded certain insertions in the contract whereby the money was to be paid either to him or to his assignee.

It is not only the law generally that the *locus contractus* governs in assignments as well as other contracts as shown by the authorities cited above, but this is expressly recognized and ruled by the courts of Tennessee. *Allen* v. *Bain* (1858), 39 Tenn. 101; *Newsom* v. *Hoffman,* 124 Tenn. 370.

There is no room for any contention that the assignment of the contract in the case at bar was fraudulent as against creditors, for this court has expressly held in the case of *Buckley* v. *Dunn*, 67 Miss. 710, that creditors have no interest in such contracts and no claim on the personal services of a husband which prevents him from giving them to his wife, whether with or without consideration valuable at law.

Whatever might be the holding in Tennessee, this is the law in Mississippi and it must govern this case whether tried in Mississippi or Tennessee. Not only is this true, but the rights of the parties have now been adjudged and settled by the Mississippi court which had jurisdiction and no judgment had theretofore, and we might say has not yet, been rendered by the Tennessee court, and this judgment of the Mississippi court would also settle the liabilities in Tennessee.

It seems to be a well-settled rule that the same cause of action may be in litigation in different jurisdictions at the same time but that the judgment first rendered is *res adjudicata*. *Long* v. *Peter's Mill*, 102 So. 402.

The assignment by J. J. McPherson to the appellant is good and valid in Mississippi against a garnishment, whether the debtor has notice of the assignment or not, provided the debtor has notice before the satisfaction of the judgment against him on the garnishment. See *Schoolfield* v. *Hirsh*, 71 Miss. 55, 42 A. S. R. 450; *Pigford* v. *Wilder*, 76 So. 745.

That part of the decree staying the execution should be reversed and the decree rendered here permitting the appellant to proceed to enforce her decree by proper process.

*Fitzhugh, Dixon & Osionach* and *Boone, Lowrey & Boone,* for appellees.

The cotton being rightfully in Tennessee, it was there subject to garnishment or attachment by creditors of J.

J. McPherson in the hands of appellees.  It is admitted by counsel that at the time the garnishment and attachment were served on the appellees herein, in Memphis, Tennessee, by the Gullet Gin Company, appellees had no actual notice of any assignment of the *proceeds* or amounts due J. J. McPherson.  But it must be shown that the stakeholder, or the appellees in this case, had actual notice of such assignment prior to their answer in garnishment.  This is held in our leading case of *Hart* v. *Forbes,* 60 Miss. 745. · And although the assignment involved in this case had been recorded prior to the writ of garnishment, Judge Campbell in his decision, decides that the attachment and garnishment had preference over the claim of the assignee.  This is also held by the Tennessee court in *Miller, Stewart & Co.* v. *O'Bannon,* 72 Tenn. 398; *Peters* v. *Goetz,* 136 Tenn., 262.

The only method whereby, not only the interest of appellees could be protected and conserved, but the interest of the appellant, was the filing of the bill of interpleader in this case.  After the writ of garnishment was served and the answers of appellee filed therein, and after appellees' repeated efforts to get J. J. McPherson interested in the garnishment proceedings in Tennessee, or to take notice thereof, it was then that a copy of the written assignment was forwarded to appellees by J. J. McPherson, as shown by the testimony of Mr. McPherson; and immediately upon appellees' receiving this information their bill of interpleader was filed.  Our court has recommended such a procedure, and it is peculiarly interesting that the same procedure as taken in Tennessee would be good in the state of Mississippi.  See *Fewell* v. *American Surety Co.,* 80 Miss. 782; *Kellogg* v. *Freeman,* 50 Miss. 127; 28 C. J., 373, sec. 590; *Lewis v. Dunlap,* 57 Miss. 130.

Our contention is also that sections 2055, 2056, Heming's Code, cited by counsel, have no bearing or effect on personal property or choses in action out of the state. *Davis* v. *Williams,* 19 So. 352, 73 Miss. 708.

The *situs* of the property assigned was in Tennessee and it is a well-settled principle of law that the validity of transfer of personal property depends upon the law of its actual *situs*. See 12 C. J., 471.

This law rests upon the fundamental proposition that every country or state has the right to subject all property within its jurisdiction to the control and regulation of its laws and courts; and while the right of J. J. McPherson to assign this contract must be determined by the law of the state of Mississippi, the validity of the assignment as a transfer of the cotton or proceeds is determined by the law of Tennessee. 12 C. J., p. 473, art. 67.

Our state statute can have no extra-territorial force or effect. See 101 Miss. 36. And our general recording statutes do not affect property situated out of Mississippi. See 19 So. 352; 12 So. 210.

Counsel for appellant endeavors to make it appear that appellees were endeavoring to force J. J. McPherson and appellant to litigate with them in Tennessee or to choose the forum; but this argument is without foundation, because appellees could not be charged with the responsibility of J. J. McPherson or appellant having creditors in Tennessee, or anywhere else; and the forum was chosen by the creditors of J. J. McPherson and appellant by the institution of the suit and service of the writ of attachment on appellees. Appellees were citizens of Tennessee and subject to process by the courts of Tennessee. Appellees held property belonging to J. J. McPherson and it was subject to attachment and garnishment in Tennessee.

Counsel argues that the bill of interpleader is void because of appellees' interest in the litigation, but we are sure that the court will not find this the case after a thorough investigation of this record, since appellees stand in the interpleader suit in Tennessee as mere stakeholders.

Counsel for appellant states that it is not permissible, where the complainant has an interest in the litigation, to file a bill of interpleader, but in this case an amount certain was tendered into court, and certain items were alleged in the bill to be contingent, which complainants therein, the appellees here, desired settled in said controversy, and this does not render the bill of interpleader void. See 28 C. J., p. 133; *Fewell* v. *American Surety Co.*, 80 Miss. 782, 28 So. 755.

Counsel for appellant cites many cases to sustain his contention that the assignment between J. J. McPherson and appellant is governed by the laws of Mississippi, to all of which we readily consent and agree, and it is true that the validity of the assignment is governed by the laws of Mississippi; that is to say, the validity of the assignment as between the assignee and the assignor, or between J. J. McPherson and appellant. But counsel loses sight of the fact that the thing assigned was in Tennessee. None of these decisions is in point on the questions here involved.

The case of *Allen* v. *Bain,* 39 Tenn. 101, upholds our contention that the validity of an assignment as between the assignee and assignor is governed by the laws of the place where made, and the assignment in issue in this case has not been attacked by appellees in the litigation in Tennessee, although appellees further contend that the assignment under this contract should be held void because it was not such a contract as could be assigned without the consent of and notice to appellees; and, further, that the record shows that it was made for the purpose of defrauding creditors.

Counsel for appellant complains that the decree in this case should be amended so that execution could be issued thereunder by appellant for the reason that the Tennessee courts have been slow to act in the garnishment case and the interpleader case there pending, and argues that this is evidence of an abandonment of those cases. This we do not deem necessary to argue to the court, for in

the garnishment proceeding, appellees are the defendants, and in the interpleader suit, appellees are the complainants, or stakeholders, and could hardly be said to be interested litigants in either case, and the delay or slow action of the Tennessee courts cannot be attributed to any fault of appellees, nor should it be any cause for the amendment of the decree in this case.

While it is true, as contended by counsel for appellant, that the law of Mississippi governs the validity of the assignment, yet our contention is that irrespective of the validity of the assignment in Mississippi, its effect in Tennessee is governed by the Tennessee law. Further, while we do not agree with counsel that the recordation was constructive notice at all, our court has held that it is not notice in the case of *Hart* v. *Forbes,* 60 Miss. 745, and these contentions and law are upheld by our United States Supreme Court in *Chicago, R. I. & Pac. R. R. Co.* v. *Sturm,* 174 U. S. 710, 43 L. Ed. 1124.

This case above cited is also conclusive on the proposition that process may be acquired by publication so as to make a judgment against the defendant valid and entitled it to full faith and credit in other states.

We insist that the chancellor was correct in staying the decree rendered in this cause, and is upheld by the leading decision in our state, *Y. & M. V. R. R. Co.* v. *Fulton,* 14 So. 271.

Argued orally by *P. H. Lowrey,* for appellant, and *E. E. Boone* and *R. M. Boone,* for appellees.

Etheridge, J., delivered the opinion of the court.

The appellant sued out an attachment in chancery against W. H. Matthews and B. L. Mallory, residents of Memphis, Tenn., but doing business in Quitman county, Miss., under the firm name of "M. & M. Plantation," alleging an indebtedness of two thousand nine hundred eighty-four dollars and thirty-six cents growing out of a

contract between J. J. McPherson and Matthews & Mallory, under which contract McPherson was to superintend and manage the plantation of the defendants in Quitman county, Miss., and to receive therefor one-fourth of the net proceeds of the produce grown on the plantation. The contract provided for the details of the management of the plantation, and that McPherson was to keep books, employ labor, and ship the cotton to appellees at Memphis, Tenn., and the appellees were to furnish the tenants with supplies, mules, and farm machinery necessary for the use of the plantation. This contract was made in the early days of January, 1922, and was assigned to appellant by J. J. McPherson on February 2, 1922, and recorded on February 25, 1922, on the records of the chancery clerk's office of Quitman county, Miss., but no actual notice was given Matthews and Mallory of such assignment until after an attachment had been sued out in Tennessee against McPherson by the Gullet Gin Company, a Louisiana corporation, in which suit Matthews & Mallory were garnished by the Gullet Gin Company in the said suit against McPherson, whereupon notice was given to the appellees of said assignment, and a copy thereof, with the recordation of said contract, was furnished to Mallory & Matthews.

Matthews & Mallory answered the garnishment in Tennessee; the first answer denying the indebtedness to McPherson, but claiming that McPherson was indebted to them in certain large amounts. Subsequently Matthews & Mallory withdrew their first answer, and filed an answer admitting a specified sum as being due to J. J. McPherson under the contract above referred to, but gave notice in the said answer that said contract had been assigned to the appellant, Lula McPherson, making the copy of the contract of assignment a part of their answer. Subsequently the said Matthews & Mallory filed a bill of interpleader in the chancery court at Memphis, Tenn., setting up facts with reference to the garnishment to the answer and the claim of Mrs. Lula Mc-

Pherson, and stating they were willing to pay the money to whomsoever the court should adjudge to be entitled to receive it, and prayed for an interpleader between Gullet Gin Company and J. J. McPherson and Lula McPherson. Summons was issued on the Gullet Gin Company in Memphis, Tenn.; it having an office and agent there upon whom process could be served, and publication was made in conformity to the Tennessee law for J. J. McPherson and Lula McPherson. The McPhersons did not appear in the Tennessee courts, and no further proceedings appear to have been taken, but the suit in controversy here, being an attachment in chancery under our statutes, was filed in Quitman county, and copies served by publication, and certain residents in charge of the property of the "M. & M. Plantation" made defendants in attachment in the nature of garnishees.

The appellees appeared and set up the proceedings in Tennessee in their answer to the said suit, and denied a portion of the claim in the bill of complaint made by the complainants, and admitted certain indebtedness under the said contract, and challenged the legality of the assignment from J. J. McPherson to Mrs. Lula McPherson, his wife.

The case went to trial in the chancery court of this state, and a decree for one thousand four hundred sixty-six dollars and fifty-nine cents was rendered in favor of appellant, Mrs. Lula McPherson, against the appellee, but a stay of execution was granted by the decree until a final determination of the litigation in Tennessee, from which decree Mrs. McPherson appeals.

It is insisted by the appellant that that part of the decree of the court below staying execution is erroneous, and that it would have the effect of compelling the appellant to appear in Tennessee and litigate a controversy over which the Tennessee court had not obtained jurisdiction. It was claimed by the appellant that the contract was a Mississippi contract, made in Mississippi, and to be performed in Mississippi, and that the appel-

lees were doing business in Mississippi, and that the defendants, the McPhersons, are nonresidents of the state of Tennessee, and also that the Gullet Gin Company is a resident of Tennessee, and that the *situs* of the debt or *res* is in Mississippi, and that consequently the Tennessee court obtained no jurisdiction over the *res,* and that such proceedings are void.

We think that, inasmuch as Matthews & Mallory, the debtors of McPherson, lived in Memphis, Tenn., the Tennessee court obtained jurisdiction of the *res* by the attachment and garnishment in that state under the holdings of this court in *Southern Pacific R. R. Co.* v. *Lyon,* 99 Miss. 186, 54 So. 728, 34 L. R. A. (N. S.) 234, Ann. Cas. 1913D, 800, following the United States Supreme Court in *Chicago, R. I. & Pac. Ry. Co.* v. *Sturm,* 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144, and other cases in that court.

It seems to be conceded that under the Tennessee law an interpleader could not be had in the attachment suit itself as may be done in this state by a special statute, but, as the Tennessee court had acquired the jurisdiction of the *res* in the courts of that state, and subjected the garnishees, Matthews & Mallory, to liability to the attaching creditor, that these garnishees had the right to resort to equity to compel an adjudication of the rights of all the parties claiming the subject-matter of the attachment, so that the said Matthews & Mallory would be protected by payment of the money to the proper party. It was permissible for the complainant to proceed as between them and Matthews & Mallory in the courts of this state, where the contract was made to determine the validity of the contract between J. J. McPherson and his wife, Lula McPherson, and also the amount due under said contract from Matthews & Mallory to McPherson. The Tennessee courts have held that this was permissible under the Tennessee laws, and we assume that the Tennessee court will give full faith and credit to the judgment of this court as to the validity of the contract

between J. J. McPherson and Lula McPherson and as to the amount due under the contract between J. J. Mc-Pherson and Matthews & Mallory, and we think that it was proper for the court below to suspend execution until the issues in the Tennessee suits were settled.

The judgment of the court will, therefore, be affirmed.

*Affirmed.*